**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3131-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY MAY, a/k/a
TONY MAY,

    Defendant-Appellant.

_____

Submitted May 7, 2025 – Decided May 29, 2025

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 99-07-2630.

Anthony May, appellant pro se.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Anthony May appeals from the May 8, 2024 Law Division order denying his motion to correct an illegal sentence. We affirm.

I.

In 2000, defendant pleaded guilty to two counts of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); two counts of second-degree burglary, N.J.S.A. 2C:18-2; and two counts of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). He admitted murdering two elderly victims during separate home invasion robberies. In exchange for the guilty pleas, the State recommended dismissal of several charges and indictments against defendant.

On December 16, 2000, the court sentenced defendant in accordance with the plea agreement to two mandatory thirty-year terms of imprisonment, each with a thirty-year period of parole ineligibility, to be served consecutively on the felony murder convictions. See N.J.S.A. 2C:11-3(b)(1). The remaining convictions were merged with the felony murder convictions. Thus, the court sentenced defendant to an aggregate term of sixty years in prison with a sixty-year period of parole ineligibility.

Defendant filed an appeal of his sentence, arguing it was excessive. We affirmed. State v. May, No. A-2693-00 (App. Div. Apr. 10, 2001). The Supreme

Court denied defendant's petition for certification. State v. May, 170 N.J. 85 (2001).

More than ten years later, on February 3, 2012, defendant filed a petition for post-conviction relief (PCR), alleging ineffective assistance of trial counsel. The PCR court dismissed the petition as procedurally barred because it was untimely filed under Rule 3:22-12(a). We affirmed. State v. May, No. A-3753-13 (App. Div. May 6, 2015). The Supreme Court denied defendant's petition for certification. State v. May, 223 N.J. 281 (2015).

Defendant's January 12, 2016 petition for a writ of habeas corpus challenging his conviction was rejected by the United States District Court. May v. Johnson, No. 16-0190 (MCA), 2019 WL 3987 (D.N.J. May 14, 2019), app. denied sub nom., May v. Admin. N.J. State Prison, No. 19-2274, 2019 WL 6977446 (3d Cir. 2019), cert. denied, 140 S. Ct. 1212 (2020).

On September 26, 2017, defendant filed a second PCR petition. He alleged ineffective assistance of trial and first PCR counsel. On August 21, 2018, the second PCR court entered an order denying the petition. Defendant did not appeal that order.

On February 12, 2024, defendant moved "to reconsider the overall fairness of [his] sentence consistent with State v. Torres, 246 N.J. 246 (2021)[,] and State

v. Yarbough, 100 N.J. 627 (1985)." In effect, defendant argued the sentencing court did not explain why consecutive sentences would not have been "sufficient instead of sentencing . . . [d]efendant to [sixty] years based upon the plea agreement."

On May 8, 2024, the motion court issued a written decision denying defendant's application. The court concluded defendant made no showing the sentence he received was illegal. In addition, the court observed that defendant's challenge to the length of his sentence was rejected by this court in his direct appeal, precluding his present arguments. Finally, the motion court concluded Torres did not announce a new rule and was, therefore, not retroactive and did not require a new sentencing hearing. Instead, the court concluded, Torres reiterated the principles announced in Yarbough requiring the sentencing court to explain the overall fairness of consecutive sentences. Thus, a new sentencing hearing was not required by Torres. A May 8, 2024 order memorialized the motion court's decision.

This appeal follows. Defendant raises the following arguments.

> POINT I
>
> THE LOWER COUNT ERRED IN ITS DECISION, THEREFORE, THE MATTER MUST BE REMANDED FOR CORRECTION OF SENTENCE PURSUANT TO STATE V. TORRES, 246 N.J. 246

A-3131-23

(2021)[,] AND STATE V. YARBOUGH, 100 N.J. 627 (1985).

> A) THE COURT FAILED TO ADDRESS THE "OVERALL FAIRNESS" ASPECT OF THE SENTENCE AND ERRED BY SOLELY RELYING ON THE APPELLATE DIVISION'S DECISION IN STATE V. MAY, [NO.] A-2693-00T4.

## II.

A motion to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5); State v. Schubert, 212 N.J. 295, 309 (2012). An illegal sentence "exceed[s] the penalties authorized by statute for a specific offense." State v. Murray, 162 N.J. 240, 246 (2000). "A sentence may also be illegal because it was not imposed in accordance with law. This category includes sentences that, although not in excess of the statutory maximum penalty," are not authorized by statute. Id. at 247. "In addition, a sentence may not be in accordance with law because it fails to satisfy required presentencing conditions" or "include a legislatively mandated term of parole ineligibility." Ibid. We review de novo the motion court's finding that a sentence is legal. Schubert, 212 N.J. at 303-04.

Having reviewed the record in light of these principles, we agree with the motion court's conclusion that defendant offers no cogent argument that the sentence imposed on him was illegal. Defendant was sentenced in accordance with law, receiving the mandatory minimum sentence for his convictions.

5

Defendant essentially reiterates arguments raised in his direct appeal challenging the sentencing court's imposition of consecutive sentences. We rejected those arguments. Our decision in the direct appeal precludes defendant's motion to correct an illegal sentence based on his argument the sentencing court misapplied Yarbough. The length of defendant's sentence has been adjudicated and addressed by this court and is, therefore, not an appropriate basis for a motion to correct an illegal sentence. See State v. Trantino, 60 N.J. 176, 180 (1972) (stating a prior adjudication on the merits of an issue on direct appeal is conclusive and cannot be relitigated, even if of constitutional dimension).

In addition, the sentencing court considered non-consecutive sentences and found "concurrent sentences would be a travesty of justice" for slitting the throats of two elderly victims in their homes during separate robberies perpetrated by defendant on separate dates to feed his drug habit. That observation reflects the sentencing court's pronouncement on the overall fairness of defendant's sentence.

We are not persuaded by defendant's argument he is entitled to a resentencing hearing pursuant to Torres. In Torres, issued nearly twenty-one years after defendant was sentenced, the Court explained its intention "to

6

underscore" and "promote" the "concepts of uniformity, predictability, and proportionality" that underlie the sentencing factors it set forth in Yarbough. 246 N.J. at 252-53. The Court stated:

> We reiterate the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on "the fairness of the overall sentence." [State v.] Miller, 108 N.J. [112,] 122 [(1987)]; see also State v. Abdullah, 184 N.J. 497, 515 (2005). Toward that end, the sentencing court's explanation of its evaluation of the fairness of the overall sentence is "a necessary feature in any Yarbough analysis." [State v.] Cuff, 239 N.J. [321,] 352 [(2019)].
>
> [Id. at 270.]

The Torres Court did not announce a new rule. It renewed and reemphasized the long-established requirement that a sentencing court provide "an explanation of the overall fairness of [a] consecutive sentence . . . ." Ibid. Because the Court did not create a new rule of law, retroactivity is not applicable. State v. Feal, 194 N.J. 293, 307-08 (2008); State v. Burstein, 85 N.J. 394, 403 (1981) ("[R]etroactivity can arise only where there has been a departure from existing law."). A new sentencing hearing, therefore, is not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7